IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOBER,

                Plaintiff,                ORDER

  v.                                               12-cv-949-wmc

DEPT. of COMMUNITY CORRECTIONS,
ERIC SWENSEN and DIANA LAGAR,

                Defendants.

---

CHRISTOPHER GOBER,

                Plaintiff,                ORDER

  v.                                               13-cv-9-wmc

ERIC SWENSEN, DIANA LAGAR,
VERA CALUDRON and MICHELLE KRUGER,

                Defendants.

---

Plaintiff Christopher Gober, a prisoner at the Fox Lake Correctional Institution in Fox Lake, Wisconsin has submitted two proposed complaints under 42 U.S.C. § 1983. He asks for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaints *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee in each case.

In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

From the trust fund account statement plaintiff has submitted, I calculate his initial partial payment in each case to be $5.48. If plaintiff does not have the money to make the initial partial payments in his regular account, he will have to arrange with prison authorities to pay some or all

of the assessments from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fees from his release account. The only amount plaintiff must pay at this time is the $5.48 initial partial payment for each case. Before prison officials take any portion of the amounts from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payments to this court.

## ORDER

IT IS ORDERED that

1. Plaintiff Christopher Gober is assessed $5.48 as an initial partial payment of the $350 fee for filing case no. 12-cv-949-wmc. He is to submit a check or money order made payable to the clerk of court in the amount of $5.48 on or before January 25, 2013.

2. Plaintiff is assessed $5.48 as an initial partial payment of the $350 fee for filing case no. 13-cv-9-wmc. He is to submit a check or money order made payable to the clerk of court in the amount of $5.48 on or before January 25, 2013.

3. If, by January 25, 2013, plaintiff fails to make the initial partial payments or show cause for his failure to do so, he will be held to have withdrawn these actions voluntarily. In that event, the clerk of court is directed to close the files without prejudice to plaintiff's filing his cases at a later date.

Entered this 3rd day of January, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge